UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-22-945-G |
| | ) |
| MAJORS LLC d/b/a MAJOR'S BAR et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

Now before the Court is Plaintiff Joe Hand Promotions, Inc.'s Motion for Default Judgment (Doc. No. 8), in which Plaintiff seeks entry of a default judgment against Defendants Majors LLC d/b/a Major's Bar and Shane R. Wilson pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. No response to the Motion has been filed within the time allowed. For the reasons stated below, the Court finds that a default judgment should be entered.

    *I.    Background*

Plaintiff initiated this action on November 1, 2022, seeking damages from Defendants for violation of the Copyright Act, 17 U.S.C. §§ 101 et seq. *See* Compl. (Doc. No. 1). Each Defendant was served with a summons and the Complaint on or about December 23, 2022. *See* Doc. No. 3. On May 30, 2023, after Plaintiff showed that Defendants had failed to answer or otherwise defend themselves in this lawsuit, the Clerk entered Defendants' default pursuant to Federal Rule of Civil Procedure 55(a). *See* Clerk's Entry of Default (Doc. No. 7).

Plaintiff now seeks entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b). *See* Pl.'s Mot. Default J. at 1-2; Pl.'s Mem. (Doc. No. 8-1) at 5-11; Janis Aff. (Doc. No. 8-7) ¶ 15.

## II. Discussion

### A. Procedural Requirements

The record reflects that Defendants have failed to answer or plead, that default was entered by the Clerk, and that Plaintiff's Motion complies with Local Civil Rule 55.1. Accordingly, Plaintiff has satisfied the procedural requirements for entry of a default judgment. *See* Fed. R. Civ. P. 55(b); LCvR 55.1; *Tabb v. Mentor Prot. Serv. LLC*, No. CIV-17-1130-D, 2018 WL 3213622, at *1 (W.D. Okla. June 29, 2018); Doc. No. 10.

### B. Plaintiff's Allegations

The entry of a default judgment "is committed to the sound discretion of the district court." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). "Default judgments are generally disfavored in light of the policy that cases should be tried upon their merits whenever reasonably possible. Nonetheless, default judgment is viewed as a reasonable remedy when the adversary process has been halted because of an essentially unresponsive party." *Tabb*, 2018 WL 3213622, at *1 (citing *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991)).

Because a default has been entered, Plaintiff is "relieved . . . from having to prove the complaint's factual allegations." *Tripodi*, 810 F.3d at 765; *see also United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment,

and is barred from contesting on appeal the facts thus established." (internal quotation marks omitted)). Even after default, however, "it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of law." *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016) (internal quotation marks omitted).

The Complaint alleges that Plaintiff is a corporation that "specializes in licensing and distributing premier sporting events to commercial, non-residential establishments including bars, restaurants, clubhouses, shops, and similar locations." Compl. ¶¶ 3, 7. Defendant Majors LLC is a business conducted under the name Major's Bar in Edmond, Oklahoma, and Defendant Wilson was an officer, director, shareholder, member, and/or principal of Major's Bar. *Id.* ¶¶ 4, 6.

Plaintiff states that it "held the exclusive rights to permit commercial businesses such as" Major's Bar to access the broadcast of *Ultimate Fighting Championship® 244: Jorge Masvidal vs. Nate Diaz*, including all undercard bouts and commentary, telecast nationwide on November 2, 2019 (the "Program"). *Id.* ¶ 3. Plaintiff alleges that it held the exclusive commercial domestic license to authorize the public display of the Program at commercial establishments. *Id.* ¶ 8. Defendants "took affirmative steps to circumvent the commercial licensing requirement and unlawfully obtained the Program through an unauthorized cable signal, satellite signal, and/or internet stream." *Id.* ¶ 10. Plaintiff alleges upon information and belief that Defendants: willfully engaged in the cited acts to intercept and/or receive the Program for free or at a nominal cost or assisted in such actions, while Plaintiff's legitimate customers paid substantially more for the proper; knew, or

should have known, the interception and/or receipt and exhibition of the Program at Major's Bar was not authorized; intentionally pirated or assisted in the intentional piracy of the Program for the sole purpose of their own economic gain; and exhibited the Program for the commercial purpose of attracting paying customers, patrons, members, and guests, thereby wrongfully benefiting financially by infringing Plaintiff's rights. *Id.* ¶¶ 13-14. "Defendants did not have license, authorization, permission, or consent from Plaintiff to exhibit the Program" at Major's Bar. *Id.* ¶ 15.

To establish copyright infringement, a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Accepting the well-pleaded allegations in the Complaint as true, the Court finds that they establish Defendants' liability for copyright infringement in violation of 17 U.S.C. § 501(a). *See id.*; *Tabb*, 2018 WL 3213622, at *2; *see also Zuffa, LLC v. Gonzalez*, No. 17-cv-01805, 2017 WL 6016403, at *4 (D. Colo. Nov. 14, 2017) ("'Anyone who violates any of the exclusive rights of the copyright owner . . . is an infringer of the copyright.' 17 U.S.C. § 501(a). A copyright owner has a private right of action against an infringer pursuant to 17 U.S.C. § 501(b)." (omission in original)); 17 U.S.C. § 101 ("A 'transfer of copyright ownership' is an . . . exclusive license . . . of a copyright or of any of the exclusive rights comprised in a copyright . . . ."). Because Defendants have failed to respond to or defend this action in any way, the Court finds that entry of a default judgment is appropriate.

### C. Damages

Rule 55(b) provides two distinct methods for entering a default judgment. First, "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," the Clerk of Court "must enter judgment for that amount and costs" against the defaulting defendant. Fed. R. Civ. P. 55(b)(1). In all other cases, the moving party must apply to the Court, which may "conduct hearings or make referrals" when necessary "to enter or effectuate judgment." Fed. R. Civ. P. 55(b)(2).

#### 1. Statutory Damages

Pursuant to 17 U.S.C. § 504(c), the copyright owner may elect to recover "an award of statutory damages for all infringements involved in the action" "in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1).

> In determining the amount of statutory damages, the district court has broad discretion to assess what is just in a particular case, considering the nature of the copyright, the circumstances of the infringement and the like, so long as the amount is neither more than the maximum nor less than the minimum. Section 504(c)(1) not merely compels restitution of profit and reparation for injury but also is designed to discourage wrongful conduct. Put more bluntly, courts must put defendants on notice that it costs less to obey the Copyright Act than to violate it. Courts have awarded statutory damages that are at least between two and three times the license fees that would have been charged.

*Zuffa*, 2017 WL 6016403, at *4.

Plaintiff requests statutory damages in the amount of $7275.00 pursuant to § 504(c). In presenting this request, Plaintiff states that this figure represents five times the commercial license fee that would have been incurred by Major's Bar had it legally purchased the Program. *See* Pl.'s Mot. Default J. at 9. The evidence presented further shows there were approximately 38 patrons present in Major's Bar for the broadcast, the

5

capacity of the establishment was approximately 140-150 people, and that Defendants showed the Program on nine televisions in the establishment. *See* Mead Aff. (Doc. No. 8-6). Plaintiff has also provided evidence supporting that the unauthorized exhibition of the Program was advertised by Defendants on Facebook. *See* Pl.'s Mot. Default J. Ex. 8 (Doc. No. 8-8).

Upon consideration of the facts shown by Plaintiff's Motion and evidence, the Court finds that an award of statutory damages is proper. Further the Court concludes that Plaintiff should recover the requested statutory award of $7275.00. This amount is proper under § 504(c) and is sufficient "to discourage wrongful conduct." *Zuffa*, 2017 WL 6016403, at *4 (internal quotation marks omitted); *accord Badco Music, Inc. W.M.M., Inc.* No. CIV-92-118-R, 1992 WL 407299, at *5 (W.D. Okla. Sept. 11, 1992) (awarding statutory damages in an amount "commensurate with the circumstances of [the] case" and as "necessary to ensure that defendants are not better off than owners of establishments that comply with the copyright law").

Where a plaintiff proves "that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2). "'Willfully' in the copyright infringement context means that Defendants knew their conduct constituted copyright infringement or recklessly disregarded Plaintiffs' rights." *Bill G. Perry Fam. Design, LLC v. New Generation Homes, LLC*, No. CIV-17-1357-R, 2019 WL 1338420, at *3 (W.D. Okla. Mar. 25, 2019).

The Court concludes that Plaintiff has sustained its burden to show that Defendants' infringement was committed willfully. *See, e.g.*, Compl. ¶¶ 10 (alleging that Defendants

"took affirmative steps" to circumvent the licensing requirement), 13 (alleging that Defendants knew or should have known that "the interception and/or receipt and exhibition of the Program" was not authorized); *see also Bill G. Perry Fam. Design*, 2019 WL 1338420, at *3 (finding that the plaintiffs sufficiently stated a claim for willful infringement by alleging that the defendants intentionally used the plaintiffs' works in unauthorized ways); *Island Software & Comput. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 264 (2d Cir. 2005) ("[K]nowledge of infringement . . . may be inferred from the defendant's conduct." (internal quotation marks omitted)).  Because the damages set forth above are appropriate, however, and "the extent and nature of Defendant[s'] intentions and personal actions [are] unknown" from the pleading allegations, the Court declines to increase Plaintiff's award under § 504(c)(2).  *LHF Prods., Inc. v. Gonzales*, No. 2:17-cv-00103, 2020 WL 6323425, at *11 (D. Utah Oct. 28, 2020) ("[T]he inference of Defendant's willfulness does not justify increasing the award of statutory damages."); *cf. Broadcast Music, Inc. v. DeGallo, Inc.*, 872 F. Supp. 167, 169 (D.N.J. 1995) ("With due allowance for the level of culpability involved, the penalty must be proportionate to the extent of the infringement.").

### 2. Attorney's Fees and Costs

Pursuant to 17 U.S.C. § 505, the Court has discretion to award a reasonable attorney's fee to Plaintiff as the prevailing party.  Such fees "are to be granted when equity and the ends of the Copyright Act are advanced" and "are awarded more often as the rule than the exception."  *Capitol Recs., Inc. v. Foster*, No. CIV-04-1569-W, 2007 WL 1028532, at *2 (W.D. Okla. Feb. 6, 2007) (internal quotation marks omitted).  Factors for

the Court to consider include "frivolousness, motivation, objective unreasonableness (both in the factual and the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Palladium Music, Inc. v. EatSleepMusic, Inc.*, 398 F.3d 1193, 1200 (10th Cir. 2005) (internal quotation marks omitted).

Having considered the purposes of the federal copyright laws, Defendants' affirmative acts, and most particularly the need in this matter "to advance considerations of . . . deterrence" of such acts, the Court concludes that Plaintiff is entitled to an award of a reasonable attorney's fee pursuant to 17 U.S.C. § 505. *Id.* (internal quotation marks omitted); *see also Badco Music*, 1992 WL 407299, at *5.

The prevailing party's recovery of "full costs" is likewise permitted under the relevant statute. 17 U.S.C. § 505. Plaintiff's request for costs in the amount of $747.00 is well supported and is hereby granted. *See* Janis Aff. ¶ 13; Pl.'s Mot. Default J. Ex. 14 (Doc. No. 8-14); Fed. R. Civ. P. 54(d)(1).[1]

## CONCLUSION

Accordingly, Plaintiff's Motion for Default Judgment (Doc. No. 8) is GRANTED as set forth herein.

Plaintiff is awarded statutory damages of $7275.00, plus costs in the amount of $747.00. Plaintiff is directed to submit an affidavit to the Court presenting and supporting

---

[1] Plaintiff's request for postjudgment interest is governed by federal statute. *See Hosier v. Citigroup Global Mkts., Inc.*, 858 F. Supp. 2d 1206, 1209 (D. Colo. 2012) ("Under [28 U.S.C.] § 1961, post-judgment interest is mandatory and cannot be withheld by a district court or set by the court at a rate different from the rate specified by the statute.").

its request for reasonable attorney's fees within seven (7) days of the date of this Order. A separate default judgment shall be entered upon determination of the attorney's fee award.

IT IS SO ORDERED this 1st day of August, 2024.

_____
CHARLES B. GOODWIN
United States District Judge